UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

UNITED STATES OF AMERICA,

      Plaintiff,                    Case No. 2:17-cr-175
                                         JUDGE EDMUND A. SARGUS, JR.

v.

WARRIAYRE ARMOND ROUNDTREE,

      Defendant.

## OPINION AND ORDER

The instant matter is before this Court for consideration of Defendant Warriayre Armond Roundtree's ("Defendant") Second Motion to Withdraw Plea of Guilty (ECF No. 52), and the Government's Response in Opposition. (ECF No. 54). For the reasons that follow, Defendant's Second Motion to Withdraw Plea of Guilty is **DENIED**.

### I.

On August 8, 2017, the Government filed an Information against Defendant charging him in Count One with illegal possession of a firearm in violation of 18 U.S.C. § 922(g); the Information also included a forfeiture allegation pursuant to 18 U.S.C. § 942(d). (ECF No. 1 at 1-2). That same day, Defendant entered into a plea agreement and agreed to plead guilty to Count One of the Information. (ECF No. 2 at 1).

Pursuant to that plea agreement, Defendant appeared before Magistrate Judge King on August 10, 2017 and entered his plea of guilty. (ECF No.s 8 & 10). That same day, Magistrate Judge King issued an Order authorizing Defendant's pretrial release from August 23, 2017 to September 23, 2017. (ECF No. 11 at 2). Immediately upon his release from federal custody, Defendant was taken into state custody by the Licking County sheriff's department. (ECF No. 53

at 4). Defendant was taken into state custody because he was indicted by a Franklin County Grand Jury on several felony counts. (ECF No. 52 at 2); *see Ohio v. Warriayre Roundtree*, 18-cr-1669 (C.P. 2018).

In light of the above, Defendant motioned this Court to withdraw his guilty plea on March 20, 2018. (ECF No. 37). This Court held a hearing on May 3, 2018 to address Defendant's motion. (ECF No. 53). On May 4, 2018, this Court issued an Order denying Defendant's motion for reasons stated during the hearing. (ECF No. 49). Defendant motioned this Court again on October 9, 2019 to withdraw his guilty plea (ECF No. 52), and the Government filed a response opposing Defendant's motion on October 18, 2019. (ECF No. 54).

## II.

Federal Rule of Civil Procedure 11(d) governs the standard for withdrawal of a guilty plea. The rule states in pertinent part that:

> A defendant may withdraw a plea of guilty or nolo contendere:
>
> (1) before the court accepts the plea, for any reason or no reason; or
>
> (2) after the court accepts the plea, but before it imposes sentence if:
>
> (A) the court rejects a plea agreement under 11(c)(5); or
>
> (B) the defendant can show a fair and just reason for requesting the withdrawal.

Fed. Rule Crim. P. 11(d).

The defendant carries the burden of proving that withdrawal of his guilty plea is justified and the matter is left to the sound discretion of the Court. *United States v. Alexander*, 948 F.2d 1002, 1003-4 (6th Cir. 1991). Pursuant to FRCP 11(d)(2)(B), as applicable to the instant matter, the Defendant must show a "fair and just reason" to withdraw his guilty plea under the current

2

circumstances. Rule 11(d) is designed "to allow a hastily entered plea made with unsure heart and confused mind to be undone, not to allow a defendant to make a tactical decision to enter a plea, wait several weeks, and then obtain a withdrawal if he believes that he made a bad choice in pleading guilty." *Alexander*, 948 F.2d at 1003.

The Sixth Circuit has provided a non-exclusive list of factors, considered in the totality of circumstances, which guide a district court in determining whether to allow a defendant to withdraw his guilty plea:

(1) the amount of time that elapsed between the plea and the motion to withdraw it;

(2) the presence or absence of a valid reason for the failure to move for withdrawal earlier in the proceeding;

(3) whether the defendant has asserted or maintained his innocence;

(4) the circumstances underlying the entry of the guilty plea;

(5) the defendant's nature and background;

(6) the degree to which the defendant has prior criminal experience with the criminal justice system; and

(7) potential prejudice to the government if the motion to withdraw is granted.

*United States v. Bashara*, 27 F.3d 1174, 1181 (6th Cir. 1994).

"The factors listed in *Bashara* are a general, non-exclusive list and no one factor is controlling." *United States v. Bazzi*, 94 F.3d 1025, 1027 (6th Cir. 1996). "The relevance of each factor will vary according to the circumstances surrounding the original entrance of the plea as well as the motion to withdraw." *United States v. Haygood*, 549 F.3d 1049, 1052 (6th Cir. 2008). The first six factors are used to determine whether a defendant has presented a fair and just reason for withdrawal of the plea and a court will balance any fair and just reason with the last factor—

3

any prejudice to the government. *Alexander*, 948 F.2d at 1004. Prejudice to the government, however, need not be addressed, "until the defendant advances and establishes a fair and just reason for allowing the withdrawal" of his plea. *United States v. Goddard*, 638 F.3d 490, 495 (6th Cir. 2011) (quoting *United States v. Spencer*, 836 F.2d 236, 240 (6th Cir. 1987)) ("[T]he government is not required to establish prejudice that would result from a plea withdrawal, unless and until the defendant advances and establishes a fair and just reason for allowing the withdrawal.")

Defendant argues that his guilty plea should be withdrawn because no party to the plea agreement could foresee the changes that have occurred with respect to Defendant's state criminal charges. (ECF No. 52 at 2). Specifically, Defendant maintains that since entering his plea, the Licking County proceeding were indicted and dismissed, new felony charges including Aggravated Murder were filed against him in Franklin County, and new counsel has been appointed. (*Id.* at 3). Defendant also argues that he received no benefit from the plea agreement since the state of Ohio placed a holder on him which effectively blocked his release from custody. (*Id.* at 2). Additionally, Defendant avers that the waiver of appeal and Habeas rights included in the plea agreement bars him from challenging the plea agreement or any Order from this Court affecting the agreement. (*Id.* at 3-4). And, finally, Defendant maintains that his motion to withdraw the plea agreement should be granted because he entered the plea agreement approximately two years ago. (*Id.* at 4).

The Government objects to Defendant's arguments for several reasons. (*See generally* ECF No. 54). First, the Government avers that Plaintiff made identical arguments in the past that were rejected by this Court. (*Id.* at 4). Second, the Government contends that Defendant benefitted from the plea agreement in the form of a reduced sentence, and that the *Bashara* factors do not consider

the level of benefit that a Defendant may receive. (*Id.* at 6). Third, the Government argues that the appeal waiver included in the plea agreement is "solid" because Defendant waived those rights knowingly and voluntarily. (*Id.* at 7). And, fourth, the Government maintains that a two-year delay is not unreasonable because Defendant's right to a speedy trial ended when he plead guilty to the criminal charges levied against him in the Information. (*Id.* at 8).

As a fundamental matter, many of the arguments raised in Defendant's second motion to withdraw were also raised in his first motion to withdraw. For example, Defendant argues in his second motion that his guilty plea should be withdrawn because: (i) the Licking County proceedings were indicted and dismissed, (ii) new charges for Aggravated Murder were filed against him in Franklin County, (iii) new counsel was appointed; and (iv) he received no benefit from the plea agreement because he was immediately taken into custody upon his release. (ECF No. 52 at 3). But Defendant advanced similar positions in his first motion to withdraw arguing that: (i) the Licking County Court of Common Pleas dismissed the case against him; (ii) he changed counsel; and (iii) he no longer felt that he was getting the benefit of the plea deal. (ECF No. 37 at 2-4). In support of his first motion, Defendant also stated, "after we had filed our motion to withdraw his plea here, he was indicted by the Franklin County grand jury with a count of aggravated murder and a bunch of other stuff along with it." (ECF No. 53 at 4).

At the November 3, 2016 hearing, this Court considered the arguments outlined above in its *Bashara* analysis and ultimately concluded that they did not establish a fair and just reason to withdraw Defendant's guilty plea. (*See generally* ECF No. 53). At present, this Court finds that there is no reason to consider these arguments again. Thus, this Court will turn to those arguments that were not previously raised.

Next, Defendant argues that his plea agreement should be withdrawn because he entered it two years ago. (ECF No. 52 at 4). This argument invokes the first *Bashara* factor which allows the court to consider the amount of time that elapsed between the plea and the motion to withdraw it. *United States v. Bashara*, 27 F.3d at 1181. Defendant filed his second motion to withdraw on October 9, 2019—approximately two years and two months after entering his guilty plea on August 8, 2017. (ECF No.s 2 & 52). A court must determine whether a defendant waited a reasonable amount of time between entering his plea and making a motion to withdraw. Although there is no bright-line rule as to what constitutes a "reasonable" length of time, the Sixth Circuit has found a delay as long as two years to be unreasonable. *United States v. Dixon*, 479 F.3d 431, 437-438 (6th Cir. 2007) (noting that a two-year delay is significant and provides grounds for denying a motion to withdraw absent a compelling reason). With the above in mind, Defendant argues that his motion to withdraw should be granted because nearly two years have passed since he entered the agreement. (ECF No. 52 at 4). But such an argument is insufficient without a compelling reason explaining the delay. *Dixon*, 479 F.3d at 437-438. Aside from those arguments already proposed and rejected, Defendant has failed to provide such a compelling reason. Therefore, the first *Bashara* factor cuts against Defendant's motion to withdraw.

Turning to Defendant's next claim which challenges the waiver of appeal included in his plea agreement, this argument does not fit under any of the *Bashara* factors, and Defendant does not argue that it does. Even still, the *Bashara* factors "are a general, non-exclusive list." *Bazzi*, 94 F.3d at 1027. Therefore, to analyze Defendant's argument, this Court looks to the prior holdings of the Sixth Circuit which instruct that waivers of appeal are enforceable if they are made "knowingly and voluntarily." *U.S. v. Fontana*, 869 F.3d 464, 472 (6th Cir. 2017).

The parties do not dispute that Defendant signed the plea agreement which waived his right to appeal. (*See generally* ECF No. 2). Furthermore, on August 10, 2017, Magistrate Judge King made several findings pertaining to Defendant's ability to knowingly and voluntarily enter that plea. (*See generally* ECF No. 12). Among them were findings that Defendant understood: (i) the nature and meaning of the charge in the Information, (ii) the consequences of his plea of guilty to that charge, and (iii) his rights as they are outlined in Rule 11 of the Federal Rules of Criminal Procedure. (*Id.* at 2). According to Magistrate Judge King, Defendant also confirmed the following with respect to his plea agreement: (i) no outside promises were made by anyone regarding the charge in the Information; (ii) the accuracy of the statement of facts supporting that charge; and (iii) that he plead guilty to Count One of the Information because he is in fact guilty. (*Id.*). Having engaged in the colloquy required under Rule 11, Magistrate Judge King found Defendant's guilty plea to be knowing and voluntary. (*Id.*). Six days later, on August 16, 2017, this Court issued an Order adopting and affirming Magistrate Judge King's findings. (ECF No. 13). As the Government correctly states, Defendant does not argue, nor has he ever argued, that the waiver of his appellate rights was not knowing and voluntary. As such, there is no reason to contravene the waiver of appellate rights included in Defendant's plea agreement.

With the above in mind, this Court finds that Defendant has failed to assert a fair and just reason for the withdrawal of his guilty plea. Many of the arguments advanced in Defendant's second motion to withdraw were considered in his first, and this Court rejected them at the November 3, 2016 hearing. Defendant raised new arguments in support of his second motion to withdraw, but for reasons previously stated those arguments do not advance Defendant's position.

## III.

Therefore, Defendant's Second Motion to Withdraw Plea of Guilty is **DENIED**. (ECF No. 52). A scheduling order shall issue forthwith setting the date for Defendant's sentencing.

**IT IS SO ORDERED.**

1-27-2020
**DATE**

**EDMUND A. SARGUS, JR.**
**UNITED STATES DISTRICT JUDGE**