# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## EASTERN DIVISION

**UNITED STATES OF AMERICA,**

      **Plaintiff,**                      Case No. 2:17-cr-175
                                            **JUDGE EDMUND A. SARGUS, JR.**

    v.

**WARRIAYRE ARMOND ROUNDTREE,**

      **Defendant.**

## OPINION AND ORDER

The matter before the Court is Defendant Warriayre Armond Roundtree's ("Defendant") Third Motion to Withdraw Plea of Guilty (ECF No. 72), and the Government's Response in Opposition (ECF No. 73). For the following reasons, Defendant's Third Motion to Withdraw Plea of Guilty is **DENIED**.

### I.

On August 8, 2017, the Government filed an Information charging Defendant with one count of illegal possession of a firearm in violation of 18 U.S.C. § 922(g). (ECF No. 1.) That same day, Defendant entered into a plea agreement and agreed to plead guilty to Count One of the Information. (ECF No. 2.)

Pursuant to that plea agreement, Defendant appeared before Magistrate Judge King on August 10, 2017 and entered his plea of guilty. (ECF Nos. 8, 10). That same day, Magistrate Judge King issued an Order authorizing Defendant's pretrial release for 30 days from August 23, 2017 to September 23, 2017. (ECF No. 11.) Immediately upon his release from federal custody, however, Defendant was taken into state custody by the Licking County Sheriff's Department. (ECF No. 53 at 4). Defendant remained in the custody of Licking County for four months until

Defendant was indicted by a Franklin County Grand Jury on several felony counts, including aggravated murder. (*Id.*; Case No. 18-cr-001669.)

Defendant first moved this Court to withdraw his guilty plea on March 20, 2018. (ECF No. 37.) After a hearing on May 3, 2018 to address Defendant's motion (ECF No. 53), this Court issued an Order denying Defendant's motion for reasons stated during the hearing. (ECF No. 49.)

On October 9, 2019, Defendant moved for a second time to withdraw his guilty plea. (ECF No. 52.) On January 27, 2020, this Court issued an Order denying Defendant's Second Motion to Withdraw his guilty plea. (ECF No. 55.)

After this Court granted leave to file, Defendant now moves for a third time to withdraw his guilty plea. (ECF No. 72.)

## II.

Federal Rule of Criminal Procedure 11(d) governs the standard for withdrawal of a guilty plea. The rule states in pertinent part that a "defendant may withdraw a plea of guilty or nolo contendere: (1) before the court accepts the plea, for any reason or no reason; or (2) after the court accepts the plea, but before it imposes sentence if: (A) the court rejects a plea agreement under 11(c)(5); or (B) the defendant can show a fair and just reason for requesting the withdrawal." Fed. R. Crim. P. 11(d).

The defendant carries the burden of proving that withdrawal of his guilty plea is justified, and the matter is left to the sound discretion of the Court. *United States v. Alexander*, 948 F.2d 1002, 1003–04 (6th Cir. 1991). Pursuant to Rule 11(d)(2)(B), as applicable to this case, the defendant must show a "fair and just reason" to withdraw his guilty plea under the current circumstances. Rule 11(d) is designed "to allow a hastily entered plea made with unsure heart and confused mind to be undone, not to allow a defendant to make a tactical decision to enter a plea,

wait several weeks, and then obtain a withdrawal if he believes that he made a bad choice in pleading guilty." *Alexander*, 948 F.2d at 1003.

The Sixth Circuit has provided a non-exclusive list of factors, considered with the totality of circumstances, which guide this Court in determining whether to allow a defendant to withdraw his guilty plea:

> (1) the amount of time that elapsed between the plea and the motion to withdraw it;
>
> (2) the presence or absence of a valid reason for the failure to move for withdrawal earlier in the proceeding;
>
> (3) whether the defendant has asserted or maintained his innocence;
>
> (4) the circumstances underlying the entry of the guilty plea;
>
> (5) the defendant's nature and background;
>
> (6) the degree to which the defendant has prior criminal experience with the criminal justice system; and
>
> (7) potential prejudice to the government if the motion to withdraw is granted.

*United States v. Bashara*, 27 F.3d 1174, 1181 (6th Cir. 1994).

"The factors listed in *Bashara* are a general, non-exclusive list and no one factor is controlling." *United States v. Bazzi*, 94 F.3d 1025, 1027 (6th Cir. 1996). "The relevance of each factor will vary according to the circumstances surrounding the original entrance of the plea as well as the motion to withdraw." *United States v. Haygood*, 549 F.3d 1049, 1052 (6th Cir. 2008). The first six factors are used to determine whether a defendant has presented a fair and just reason for withdrawal of the plea; a court will balance any fair and just reason with the last factor: any prejudice to the government. *Alexander*, 948 F.2d at 1004. Prejudice to the government, however, need not be addressed, "until the defendant advances and establishes a fair and just reason for allowing the withdrawal" of his plea. *United States v. Goddard*, 638 F.3d 490, 495 (6th Cir. 2011)

(quoting *United States v. Spencer*, 836 F.2d 236, 240 (6th Cir. 1987)) ("[T]he government is not required to establish prejudice that would result from a plea withdrawal, unless and until the defendant advances and establishes a fair and just reason for allowing the withdrawal.")

Defendant's Third Motion to Withdraw reargues the seven *Bashara* factors. The Court considered these factors at the May 3, 2018 hearing on Defendant's First Motion to Withdraw, (*see* ECF No. 53), and considered some of these factors again in its Order denying Defendant's Second Motion to Withdraw. (ECF No. 55.)

The crux of Defendant's third motion pertains to the first *Bashara* factor, "the amount of time that elapsed between the plea and the motion to withdraw it[.]" *Bashara,* 27 F.3d at 1181. The Court accepted Defendant's guilty plea in August of 2017 and Defendant first moved to withdraw his guilty plea in March of 2018—a timespan of seven months. Defendant argues that correct amount of time for this factor should instead be one month because Defendant first requested his initial counsel to withdraw his plea in September of 2017, but counsel did not move to withdraw. (ECF No. 72 at 2.) Defendant's counsel instead moved withdraw from the case on September 25, 2017 after Defendant requested a new attorney. (ECF No. 16.) Defendant's counsel indicated to the Court that Defendant did wish to withdraw his guilty plea. (*see id.*)

The Court was aware of this timeline when it initially considered the *Bashara* factors during the March 3, 2018 hearing on Defendant's First Motion to Withdraw. Indeed, the Court on the record considered counsel's withdrawal and noted that the first *Bashara* factor did not cut either way. (ECF No. 53 at 9.) The Court went on to note that the second *Bashara* factor was the core of Defendant's motion. *Bashara*, 27 F.3d at 1181. Defendant's arguments on this factor and the remaining factors rehash the arguments put forth in Defendant's First and Second Motions.

Simply put, Defendant has not come forward with any new evidence, nor has he pointed to any error made by this Court in evaluating Defendant's previous two motions to withdraw. Accordingly, the Court's original analysis of the *Bashara* factors and the totality of the circumstances stands. Defendant has not shown a fair and just reason to withdraw his guilty plea under Rule 11(d)(2)(B).

### III.

Therefore, Defendant's Third Motion to Withdraw Plea of Guilty is **DENIED** (ECF No. 72). A scheduling order shall issue forthwith setting the date for Defendant's sentencing.

**IT IS SO ORDERED.**

**12/3/2020**　　　　　　　　　　　　　　　　**s/Edmund A. Sargus, Jr.**
**DATE**　　　　　　　　　　　　　　　　　　**EDMUND A. SARGUS, JR.**
　　　　　　　　　　　　　　　　　　　　　　**UNITED STATES DISTRICT JUDGE**